# ALSTON & BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

Michael L. Brown  Direct Dial: 404-881-7589  Email: mike.brown@alston.com
Partner

February 21, 2017

*Via CM/ECF*

The Honorable Stephen L. Crocker
United States District Court
Western District of Wisconsin
120 N. Henry Street
Madison, WI 53703

     Re:    <u>United States v. Sinovel Wind Group Co., Ltd.</u>, Case No. 13-cr-84-bbc

Dear Judge Crocker:

We write in anticipation of the telephonic summons appearance scheduled for February 22, 2017, at 10:30 a.m. CT. For the reasons discussed below, the circumstances of the government's irregular summons reissuance requires that undersigned counsel enter a limited special appearance on behalf of defendant Sinovel Wind Group, Ltd. ("Sinovel China") at the upcoming hearing.

## Relevant Background

As the Court knows, prior counsel for Sinovel China entered a special appearance in this case on June 27, 2013, due to defects in the government's service of process. *See* Dkt 38 (Revised Initial Appearance Transcript). Prior counsel filed a motion to quash the service of process, which Judge Crabb ultimately denied following this Court's report and recommendation. *See* Dkt. 82 (Opinion and Order). Sinovel China appealed the decision to the Seventh Circuit on September 11, 2014. *See* Dkt. 84 (Notice of Appeal).

On July 23, 2015, the Seventh Circuit declined to rule on the merits of Sinovel China's appeal and instead dismissed it on procedural grounds. *See United States v. Sinovel Wind Group Co., Ltd.*, 794 F.3d 787 (2015). Significantly, the Seventh Circuit recognized that, in the event of a conviction and final judgment, Sinovel China could challenge the service of process in a direct appeal. *See id.* at 789 & 794.

Based on these rulings, Sinovel China had no choice but to defend itself in the present litigation and seek a remedy on the service of process issue in the event of a conviction and final judgment. Sinovel China has not withdrawn or abandoned its standing objection that the



government's service of process in this case was improper and ineffective. (To be sure, had the Court ruled in Sinovel China's favor, Sinovel China would not presently be litigating this case.)

On January 5, 2017, the government filed a letter via CM/ECF addressed to undersigned counsel with attached copies of the original indictment and a new summons. *See* Dkt. 178. The government stated that it was "supplementing" its earlier service of process pursuant to Federal Rule of Criminal Procedure 4(c)(3)(D)(ii) through (1) delivery to Alston & Bird LLP via Federal Express; (2) filing via CM/ECF; and (3) delivery to Capitol Corporate Services—the former registered agent for Sinovel Wind Group (USA) Co. ("Sinovel USA").[1] The summons ordered Sinovel China to appear on February 2, 2017, but the Court agreed to reschedule the appearance for February 22nd.

## Discussion

As a preliminary matter, the issuance of a second summons is highly unusual. Although permitted by the plain terms of Rule 4, Sinovel has already entered an appearance in this case (subject to its standing objections related to service of process). Since then, the charging document has not changed, nor are there any bail status issues applicable to Sinovel China. And, the government has not conceded (as of yet) that its prior service was ineffective—indeed, the sole purpose of the new service is to try to shore up defects in the original process.

There are no circumstances that merit the issuance of a second summons, yet the government's unnecessary action—absent a withdrawal of the new summons—now forces Sinovel China to litigate again the underlying service issue. Indeed, there are several potential defects with the government's latest service of process attempts.

## Conclusion

In short, Sinovel China's original objections to the government's service of process remain in place and, in the event of a conviction and final judgment, Sinovel China will raise these objections on direct appeal. Moreover, neither this Court nor the Seventh Circuit—to undersigned counsel's knowledge—have interpreted the newly amended Rule 4(c)(3)(D)(ii). Thus, the new summons requires that undersigned counsel challenge anew the latest service of process.

In light of the above, and assuming the government does not withdraw the second summons and its recent service attempts, Alston & Bird will enter a special appearance on behalf of Sinovel China at the February 22nd hearing to seek leave to specially appear to move to quash

---

[1] The government did not disclose the address at which it allegedly served process on Capitol Corporate Services.

the summons issued on January 5, 2017. By specially appearing, Sinovel China does not waive any of its previous objections to the government's attempts at service in 2013.

Respectfully,

Michael L. Brown

Jeffrey E. Tsai