IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                      Plaintiff,

   v.                                     FINAL HEARING ORDER

SINOVEL WIND GROUP CO., LTD.,                13-cr-84-jdp

                     Defendant.

---

On December 20, 2017, the court held a final pretrial conference before United States District Judge James D. Peterson. The government appeared by counsel, Timothy O'Shea, Brain Levine, and Darren Halverson. Defendant Sinovel Wind Group Co., Ltd., appeared by counsel, Jeffrey Tsai and Michael Agoglia.

The court and the parties briefly discussed the draft voir dire, jury instructions, and verdict form as distributed. The court will make additional modifications and circulate updated drafts to the parties before trial. Final decisions on the post-trial instructions will be made at the instruction conference near the end of the trial.

The court and the parties also discussed trial logistics, including witness sequestration and scheduling. The court instructed Sinovel to identify witnesses that it believes should be exempt from general sequestration and what testimony those witnesses should be present in the courtroom to see; the parties will confer in good faith to reach agreement on this issue. As for witness scheduling, the court expects the government to provide reasonable notice of its expected witness schedules, with an understanding that some shuffling of witnesses may be required to use each trial day fully. The court will rely on the parties to give each other fair warning and not use the witness lineup for gamesmanship.

The court ruled on the parties' pending motions as follows.

- The meeting minutes at Dkt. 357-18 and the email at Dkt. 357-19 are admitted as unopposed; a ruling on the admissibility of the remaining exhibits listed in the government's notice, Dkt. 357, is deferred.

- Sinovel's objection to the government's reading Skype chats and emails aloud, as noticed in Dkt. 358, is overruled.

- The government's motion in limine 1 concerning civil litigation, Dkt. 361, is GRANTED with the understanding that Sinovel may impeach a witness with that witness's testimony in the civil case, but should do so without referring to the civil case.

- The government's motion in limine 2 concerning coordination with AMSC, Dkt. 361, is GRANTED.

- The government's motion in limine 3 concerning selective prosecution, Dkt. 361, is GRANTED.

- The government's motion in limine 4 concerning spoliation, Dkt. 361, is GRANTED with the understanding that Sinovel may generally argue that the government could have investigated more.

- The government's motion in limine 5 concerning AMSC's internal investigation, Dkt. 361, is GRANTED with the understanding that the government intends to call witnesses who took part in the AMSC investigation only to authenticate digital evidence.

- The government's motion in limine 6 concerning AMSC's lobbying efforts, Dkt. 361, is GRANTED.

- The government's motion in limine 7 concerning security improvements, Dkt. 361, is GRANTED with the proviso that Sinovel may use such evidence to demonstrate feasibility.

- The government's motion in limine 8 concerning securities actions, Dkt. 361, is GRANTED with the understanding that the government will limit its discussion of AMSC's stock price decline to the fact of the decline; neither party may discuss *why* the stock declined. In the same vein, the government may introduce evidence concerning AMSC's contract injuries, including Sinovel's refusal to accept shipments, pay for those shipments, or engage in future business with AMSC. It may also introduce evidence of AMSC's layoffs, factory closures, and similar losses, but must tread lightly in these areas because of the risk of undue prejudice.

- The government's motion in limine 9 concerning AMSC's LVRT upgrade and motion in limine 10 concerning AMSC's product quality, Dkt. 361, are DENIED because Sinovel may present alternative reasons for cancelling the AMSC contract.

- The government's motion in limine 11 concerning AMSC's LVRT solution, Dkt. 361, is DENIED because the indictment lists the architecture for the LVRT system as a trade secret.

- The government's motion in limine 12 concerning individual defendants' acts, Dkt. 361, is GRANTED.

- The government's motion in limine 13 concerning copyright registration, Dkt. 361, is GRANTED with the understanding that Sinovel may point out the lack of copyright notice.

- The government's motion in limine 14 concerning voluntary appearance, Dkt. 361, is GRANTED as unopposed.

- The government's motion in limine 15 concerning definition of reasonable doubt, Dkt. 361, is GRANTED as unopposed with the understanding that Sinovel may argue that the government hasn't met its burden of proof.

- The government's motion in limine 16 concerning the Beijing apartment search video, Dkt. 361, is GRANTED.

- The government's motion in limine 17 concerning exhibit 9, Dkt. 361, is GRANTED.

- Sinovel's *Daubert* motion, Dkt. 363, is DENIED because expert testimony based on experience is generally admissible. Scientific experimentation and verification is not required for the sort of experience-based expert testimony that the government intends to present in this case. Sinovel's arguments go to the weight and credibility, not admissibility, of the testimony.

- Sinovel's motion in limine 1a concerning unfairly prejudicial statements about Sinovel's relationship with China, Dkt. 365, is GRANTED as unopposed.

- Sinovel's motion in limine 1b concerning unfairly prejudicial statements about Sinovel's lack of testimony, Dkt. 365, is GRANTED as unopposed, keeping in mind the government's valid reservations concerning evidence of Sinovel's flight and corporations' lack of a Fifth Amendment right to silence.

- Sinovel's motion in limine 1c concerning evidence of Sinovel's flight, Dkt. 365, is DENIED with the understanding that both parties may present evidence on this issue and argue about its probative value. As for the email indicating the government's planned indictment date, which Sinovel argued is inadmissible

under Federal Rule of Evidence 410, compliance with Rule 410 can be achieved through redaction, if necessary.

- A ruling on Sinovel's motion in limine 2 concerning Skype chats, Dkt. 365, is deferred.

- Sinovel's motion in limine 3 concerning evidence collected by AMSC, Dkt. 365, is DENIED, as the court already determined that these items are authentic.

- Sinovel's motion in limine 4 concerning meeting minutes, Dkt. 365, is DENIED without prejudice, as Sinovel has not produced a sponsoring witness to fulfill the requirements of Rule 803(6)(D). If Sinovel does produce a sponsoring witness at trial, some of the minutes may be admissible as business records, but the unsigned ones would remain inadmissible.

- A ruling on the United States of America's motion to compel discovery, Dkt. 410, is deferred. Because some of the materials listed in Sinovel's privilege log are conceivably subject to work product protection, Sinovel must submit those materials to the court for an in camera inspection by 12 p.m. on December 21, 2017.

- The court will hold a final hearing on January 5, 2017, at 2 p.m. to address any remaining issues before trial.

Entered December 21, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge