IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                    Plaintiff,

   v.                                                              JURY INSTRUCTIONS

SINOVEL WIND GROUP CO., LTD.,                                    13-cr-84-jdp

                    Defendant.

---

POST TRIAL JURY INSTRUCTIONS

Members of the jury, you have seen and heard all the evidence. I will now instruct you on the law you must apply before you hear the closing arguments of the attorneys. I expect that this will take about 30 minutes.

**A.  Consideration of the evidence**

All of the introductory instructions about considering the evidence that I gave you at the beginning of this trial still are in effect. You will have copies of those instructions in the jury room. Now I have some specific instructions about evidence that you have heard in this case.

During the trial, documents written in Chinese and in German were received into evidence. You also were given English translations of these documents so that you could understand and consider their contents. It is up to you to decide whether each of these translations is accurate in whole or in part. You may consider the translator's knowledge, training, and experience, the nature of the document(s), and the reasonableness of the translation in light of all the evidence in the case.

You may not rely on any knowledge you may have of the Chinese language or the German language. Rather, your consideration of the translations should be based on the evidence introduced at trial.

During trial you heard an audio recording or saw an audiovisual recording. This recording is proper evidence that you should consider together with and in the same way that you consider the other evidence.

[I am providing you with the recordings and a device with instructions on its use. It is up to you to decide whether to listen to a recording during your deliberations. You may, if you wish, rely on your recollections of what you heard during trial.]

You have received evidence of statements said to be made by the defendant's agents or employees to _____. You must decide whether the defendant's agents or employees did make these statements. If you find that the defendant's agents or employees did make any of these statements, then you must decide what weight, if any, you believe such a statement deserves. In making this decision, you should consider all matters in evidence having to do with the statement, including the circumstances under which the statement was made.

The defendant has an absolute right not to present evidence. In arriving at your verdict, you must not consider the fact that the defendant did not present evidence.

You have heard evidence of acts of the defendant other than those charged in the indictment. Specifically, _____. You may consider this evidence only on the questions of _____. You should consider this evidence only for this limited purpose.

You have heard evidence that _____ have been convicted of crimes. You may consider this evidence only in deciding whether the testimony of any of these witnesses is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

You have heard [reputation/opinion] evidence about the character trait of _____ for truthfulness [or untruthfulness]. You should consider this evidence in deciding the weight that you will give to _____'s testimony.

You have heard evidence that before the trial, witnesses made statements that may be inconsistent with their testimony here in court. If you find that it is inconsistent, you may consider the earlier statement only in deciding the truthfulness and accuracy of that witness's testimony in this trial. You may not use it as evidence of the truth of the matters contained in that prior statement. If that statement was made under oath, you may also consider it as evidence of the truth of the matters contained in that prior statement.

_____has admitted lying under oath. You may give his testimony such weight as you believe it deserves, keeping in mind that it must be considered with caution and great care.

You have heard testimony that _____ have received benefits from the government in connection with this case. Specifically, _____. You may give the testimony of these witnesses such weight as you believe it deserves, keeping in mind that it must be considered with caution and great care.

You have heard testimony from _____ who each stated that he or she was involved in the commission of the alleged crime charged against the defendant.

You may give the testimony of these witnesses such weight as you believe it deserves, keeping in mind that it must be considered with caution and great care.

The witnesses _____ have pleaded guilty to a crime arising out of the same allegations for which the defendant is now on trial. You may give the testimony of these witnesses such weight as you believe it deserves, keeping in mind that it must be considered with caution and great care. Moreover, the guilty pleas of these defendants cannot to be considered as evidence against the defendant on trial now.

The witnesses _____ have received immunity; that is, a promise from the government that any testimony or other information he or she provided would not be used against him in a criminal case. You may give the testimony of these witnesses such weight as you believe it deserves, keeping in mind that it must be considered with caution and great care.

You have heard testimony of an identification of a person. Identification testimony is an expression of the witness's belief or impression. In evaluating this testimony, you should consider the opportunity the witness had to observe the person at the time of the offense and to make a reliable identification later. You should also consider the circumstances under which the witness later made the identification.

The government must prove beyond a reasonable doubt that the defendant is the person who committed the crimes that are charged.

The witnesses _____ gave opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. Give the testimony whatever

weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Certain summaries are in evidence. They truly and accurately summarize the contents of voluminous books, records, or documents and should be considered together with and in the same way as all other evidence in the case.

Certain summaries are in evidence. Their accuracy has been challenged by the defendant. Thus, the original materials upon which the exhibits are based have also been admitted into evidence so that you may determine whether the summaries are accurate.

Certain summaries were shown to you to help explain other evidence that was admitted. Specifically, _____. These summaries are not themselves evidence or proof of any facts, [so you will not have these particular summaries during your deliberations]. [If they do not correctly reflect the facts shown by the evidence, then you should disregard the summaries and determine the facts from the underlying evidence.]

## B.  The law applicable to the charges generally

At the beginning of the case I gave you some general instruction about the law applicable to the charges against the defendant. I will now give you more complete instructions on the applicable law.

### 1.  The indictment and the verdict form

The indictment charges Sinovel with three separate offenses as follows:

[*Court reads the (redacted) indictment*]

The indictment is the formal method of accusing the defendant of offenses and placing the defendant on trial. The defendant is not on trial for any act or any conduct not charged in the indictment. The defendant has denied the charges.

The indictment is not evidence against the defendant and it does not create any inference of guilt. The defendant is presumed to be innocent of the charges against it. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged. The defendant is never required to prove its innocence or to produce any evidence at all.

The indictment charges that the offenses were committed "on or about" certain dates. The government must prove that the offenses happened reasonably close to those dates but it is not required to prove that the alleged offenses happened on those exact dates.

The indictment charges that the offenses were committed "in the Western District of Wisconsin and elsewhere." It is the government's burden to prove by a preponderance of the evidence—namely, that it is more likely than not—that at least one act in furtherance of the charge that you are considering occurred in the Western District of Wisconsin, which includes the City of Middleton and Dane County, Wisconsin.

[*Court shows the verdict form.*]

Here is the verdict form that you will use to record your verdict. It has three questions, corresponding to the three counts in the indictment.

### 2. Corporate responsibility

Defendant Sinovel Wind Group Co., Ltd., ("Sinovel") is a corporation. A corporation may be found guilty of a criminal offense. But a corporation acts through its agents and employees, that is, people authorized or employed to act for the corporation.

For you to find Sinovel guilty of any of the charges against it, the government must prove each of these elements beyond a reasonable doubt:

> (1) That, as to the count you are considering, agents or employees of Sinovel committed every element of that charge;
>
> (2) In committing this offense, Sinovel's agents or employees intended, at least in part, to benefit Sinovel; and
>
> (3) These agents or employees acted within their authority.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the count that you are considering, then you should find Sinovel guilty of that count.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to the count that you are considering, then you must find Sinovel not guilty of that count.

An agency relationship arises when one person (a "principal") indicates to another person (an "agent") that the agent shall act on the principal's behalf and subject to the principal's control, and the agent expresses a willingness to do so or otherwise consents so to act. The agent's agreement to act on behalf of the principal need not be made explicitly, nor be made directly to the principal. An agency may exist although there is no contract between

a principal and agent, and there is no requirement that the principal or agent receive something of value from the other.

An act is within the authority of an agent or employee if it concerns a matter that Sinovel generally entrusted to that agent or employee. Sinovel need not have actually authorized or directed the particular act.

If an agent or employee was acting within his or her authority, then Sinovel is not relieved of its responsibility just because the act was illegal, or was contrary to Sinovel's instructions, or was against Sinovel's general policies. However, you may consider the fact that Sinovel had policies and instructions and how carefully it tried to enforce them when you determine whether Sinovel's agents or employees were acting with the intent to benefit Sinovel or were acting within their authority.

A corporation acts through its agents and employees and it "knows" through its agents and employees. Where a corporate agent or employee obtains knowledge while acting within the scope of that agent or employee's authority, then the law presumes that this agent or employee reported this knowledge to Sinovel, so that you may impute such knowledge to Sinovel. Put another way, Sinovel knows what its agents and employees know when they are acting for the benefit of Sinovel. However, Sinovel is not imputed to know what its agents or employees are doing when they act outside the scope of their authority and are not acting for or on behalf of the corporation.

If you find that an agent or employee of Sinovel acted outside his or her authority, then you must consider whether Sinovel later approved this act. An act is approved if, after it is performed, another agent of Sinovel, with the authority to perform or to authorize the act

8

and with the intent to benefit the corporation, either expressly approves the act or engages in conduct that is consistent with approving the act. A corporation is legally responsible for any act or omission approved by its agents.

As used throughout these instructions, a person acts "knowingly" if that person realizes what he or she is doing and is aware of the nature of his/her conduct and does not act through ignorance, mistake or accident. In deciding whether the defendant's agents or employees acted knowingly, you may consider all of the evidence, including what these agents or employees did or said.

You may find that Sinovel acted knowingly if you find that an agent or employee of Sinovel had a strong suspicion that unlawful conduct was occurring, as alleged in the count that you are considering, and that this agent or employee deliberately avoided learning the truth. You may not find that a person acted knowingly if that person merely was mistaken or careless in not discovering the truth, or failed to make an effort to learn the truth.

### 3.  Additional principles of responsibility

An offense may be committed by more than one person. A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged.

If the defendant, through its agents or employees, knowingly caused the acts of other people who were not defendant's agents or employees, then the defendant is responsible for those acts as though the defendant committed them.

9

The defendant's agents or employees need not personally perform every act constituting the crimes charged. Every person who willfully participates in the commission of a crime may be found guilty.

Any person who knowingly aids, abets, counsels, commands, induces, or procures the commission of a crime is guilty of that crime. However, that person must knowingly associate himself with the criminal venture, participate in it, and try to make it succeed.

If the defendant's agents or employees performed acts that advanced a criminal activity but had no knowledge that a crime was being committed or was about to be committed, then those acts alone are not sufficient to establish the defendant's guilt.

## C. Elements of the specific charges

### 1. Count 1: Conspiracy

Count 1 charges Sinovel with conspiracy. To sustain the charge against Sinovel in Count 1, the government must prove these elements:

> (1) That the conspiracy charged in Count 1 existed;
>
> (2) That Sinovel, through its agents and employees, knowingly became a member of this conspiracy with an intention to further the conspiracy;
>
> (3) That a member of this conspiracy committed an overt act in furtherance of the conspiracy.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find the defendant guilty of Count 1. If, on the other hand, you find from your consideration of all of the evidence that the government has failed to prove any of these propositions beyond a reasonable doubt as to the count that you are considering, then you must find the defendant not guilty of Count 1.

A conspiracy is an express or implied agreement between two or more persons to commit a crime. A conspiracy may be established even if its purpose was not accomplished. That is, the government does not need to prove that Sinovel or anyone else actually committed trade secret theft or criminal copyright infringement. What the government must prove beyond a reasonable doubt is that there was a conspiracy with these objectives, and that Sinovel was a member of this conspiracy.

As to the first element of Count 1, in deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

As to the second element of Count 1, in deciding whether Sinovel joined the charged conspiracy, you must base your decision solely on what Sinovel did or said through its agents or employees, guided by the instructions on corporate responsibility given above. In determining what Sinovel's agents or employees did or said, you may consider their own words and acts. You also may consider the words and acts of other people to help you determine what Sinovel's agents or employees personally did or said, and you may use the words and acts of other people to help you understand and interpret the words and acts of Sinovel's agents or employees. Keep in mind, however, that Sinovel's membership in the charged conspiracy can only be proved by the words or acts of Sinovel's own agents or employees.

As to the third element of Count 1, it is not necessary for the government to prove all of the overt acts charged in the count that you are considering, and the overt act proved may itself be a lawful act.

### a.   Objects of the conspiracy

Count 1 of the indictment charges that this conspiracy had two objects: trade secret theft; and criminal copyright infringement. To meet its burden of proof on the first element of Count 1, the government must prove at least one of these two charged objectives of the conspiracy, but it does not have to prove them both. Before you may find that the government has met this burden of proof, you must unanimously agree on at least one of the

12

two charged objectives of the conspiracy. It is not enough for some of you to find that the government has proved a conspiracy whose objective constituted trade secret theft and the rest of you to find that the government has proved a conspiracy whose objective constituted criminal copyright infringement. All of you must agree on at least one of these two objectives before you may find that the government has met its burden of proof on the first element of Count 1.

### b.  Trade secret theft

The elements of trade secret theft are defined below in the instructions for Count 2, which charges the actual theft of trade secrets. For the purposes of the conspiracy charge in Count 1, the government must prove an agreement to commit trade secret theft; it does not have to prove that any trade secret theft actually occurred.

### c.  Criminal copyright infringement

Criminal copyright infringement is not separately charged in the indictment, so I will set out the elements of criminal copyright infringement here. The elements are:

>   (1) AMSC's PM3000 source code was a copyrighted work;
>
>   (2) That Sinovel, through its agents and employees, infringed this copyrighted work;
>
>   (3) That this infringement was willful;
>
>   (4) That Sinovel's purpose was for commercial advantage or private commercial gain.

Again, for Count 1 of the indictment, the government must prove an agreement to commit criminal copyright infringement; it need not prove that anyone actually committed criminal copyright infringement.

13

As used in the first element, "copyright" is the term for the protection that the law extends to original works of authorship fixed in any tangible medium of expression, which means essentially anything written down, drawn, or recorded, including computer code so long as it has some minimal bit of creativity. An original work of authorship is considered copyrighted and protected under copyright law from the moment it is created, regardless whether the author has registered it with the United States Copyright Office.

Copyright protects all original works of authorship regardless of quality or importance, but copyright protection does not extend to any underlying idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied.

Infringement of a copyright occurs when someone, without the permission of the copyright owner, reproduces the copyrighted work or distributes the copyrighted work to the public. Distribution to the public means distribution to one or more persons who are outside of the distributor's normal circle of family and social acquaintances.

As used in the second element, to prove infringement of the copyrighted works, the government must prove that within any 180-day period, Sinovel reproduced or distributed, including by electronic means, at least 10 copies of one or more copyrighted work(s) that had a total retail value of more than $2,500.

The government does not need to prove that the defendant reproduced or distributed copies that are identical to the original work in all respects. Infringement may be proved by evidence demonstrating substantial similarity between the original work and a copy. A copy is substantially similar to the original work if, considering the two works as a whole, a

14

reasonable person would conclude that all or parts of the copied work had been copied from the original work.

Proof of a license to use, reproduce, or distribute a copyrighted work is a defense to copyright infringement.

As used in the third element, to act willfully means to voluntarily and intentionally violate a known legal duty. A person acts willfully if he acts with knowledge that his acts violate the law.

## 2. Count 2: Trade secret theft

The defendant is charged in Count 2 with theft of trade secrets. To establish this charge, the government must prove these elements:

(1) AMSC's PM3000 source code was a trade secret;

(2) Sinovel, through its agents or employees, knowingly and without authorization copied, duplicated, downloaded, or conveyed AMSC's PM3000 source code;

(3) These agents or employees acted with the intent to convert AMSC's PM3000 source code for the economic benefit of anyone other than AMSC;

(4) These agents or employees knew or believed that AMSC treated the PM3000 source code as a secret and that the person was taking the information without authorization from AMSC;

(5) The agent intended, or knew, the offense would injure AMSC; and

(6) The trade secret was related to or included in a product that is produced for or placed in interstate or foreign commerce.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of

Count 2. If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these propositions beyond a reasonable doubt, then you must find the defendant not guilty of Count 2.

As for the first element of Count 2, to prove that the PM3000 source code is a "trade secret," the government must prove that:

> (1) AMSC took reasonable measures to keep the PM3000 source code secret; and

> (2) The PM3000 source code derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means, by the public or another person who can obtain economic value from the disclosure or the use of the information.

The government does not need to prove that AMSC took all conceivable measures to protect the information's secrecy or that the measures the owner took were perfect, but it must prove that the measures were reasonable under the circumstances.

Information is readily ascertainable if it can be readily duplicated without involving considerable time, effort, or expense. It is not necessary for the government to prove an exact dollar amount attributable to the secrecy of the information, only that the owner derived some actual or potential economic value from its secrecy.

As for the fourth element of Count 2, the government need not prove that an agent of Sinovel knew the information taken met the legal definition of a trade secret. The government need only show that the agent knew AMSC treated the information as secret and that agent took the information without authorization from AMSC.

As used in the sixth element of Count 2, the term interstate or foreign commerce means business, trade, travel, transportation, or communication between any place in a state and any place outside that state.

### 3.  Count 3: Wire fraud

The defendant is charged in Count 3 with committing wire fraud. To establish this charge, the government must prove these elements:

> (1) Sinovel, through its agents or employees, knowingly devised the scheme to defraud as described in Count 3;
>
> (2) Sinovel, through its agents or employees, did so knowingly and with the intent to defraud;
>
> (3) This scheme to defraud involved a materially false or fraudulent pretense, representation, or promise; and
>
> (4) For the purpose of carrying out the scheme or attempting to do so, Sinovel, through its agents or employees, caused interstate or foreign wire communications to take place in the manner charged in Count 3.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count 3. If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these propositions beyond a reasonable doubt, then you must find the defendant not guilty of Count 3.

A scheme is a plan or course of action formed with the intent to accomplish some purpose. A scheme to defraud is a scheme that is intended to deceive or cheat another and to obtain money or property or to cause the [potential] loss of money or property to another by means of materially false or fraudulent pretenses, representations, or promises. A scheme to defraud requires the making of a false statement or material misrepresentation or the concealment of a material fact. A pattern of deceit and the use of false pretenses constitutes a scheme to defraud, even though a defendant does not make material misrepresentations to the wire fraud victim.

A representation, promise, or omission is "material" if it has the natural tendency to influence, or is capable of influencing, the decision of the person to whom it is addressed. It is not necessary that the false or fraudulent pretense, representation, promise, or concealment actually have that influence or be relied on by the alleged victim, as long as it is capable of doing so.

The phrase "intent to defraud" means that the acts charged were done knowingly with the intent to deceive or cheat the victim in order to cause a gain of money or property to the defendant or the [potential] loss of money or property to another.

The wire fraud law can be violated whether or not there is any loss or damage to the victim of the crime or gain to the defendant. The government is not required to prove that the scheme to defraud actually succeeded.

As to the third element of Count 3, before you may find that the government has met its burden of proof, you must unanimously agree on at least one false or fraudulent pretense, representation, or promise, or one material concealment or omission. For instance, it is not enough for some of you to find that the government has proved a particular fraudulent

representation and the rest of you to find that the government has proved a particular material concealment. All twelve of you must agree on at least one false or fraudulent pretense, representation, or promise, or one material concealment or omission.

As to the fourth element of Count 3, the government must prove that communication facilities between different states in the United States or between the United States and a foreign country were used to carry out the scheme, or were incidental to an essential part of the scheme.

To cause interstate or international wire communications to take place, Sinovel's agents or employees do not need to personally use interstate or international communication facilities and they do not need to intend that such a communication take place. However, you must find that an agent or employee of Sinovel knew that an interstate or international communication actually would occur, or that an agent or employee knew that it would occur in the ordinary course of business, or that an agent knew facts from which this use could reasonably have been foreseen. However, the government does not have to prove that an agent knew that the wire communication was of an interstate or international nature.

Telephone calls, cellular telephone calls, facsimiles, emails, instant messages, wire transfers of funds, text messages, and electronic filing of documents constitute transmission by means of wire communication.

Although an item communicated interstate need not itself contain a fraudulent representation or promise or a request for money, it must further or attempt to further the scheme.

We will now hear the closing arguments. When the closing arguments are finished, I will have a few minutes of final instruction on conducting your deliberations.

19

[AFTER CLOSING ARGUMENTS]
DELIBERATIONS

I have just a couple of final instructions about conducting deliberations.

When you get to the jury room, select one of you as your presiding juror. This person will preside over your deliberations and will be your representative here in court. When you have reached unanimous agreement on the verdict, the presiding juror will fill in, date, and sign the form.

Although you have seen that the trial is being recorded by a court reporter, you will not be able to use trial transcripts in your deliberations. You will have to rely on your own memories.

You should give fair, impartial consideration to all the evidence and deliberate with the goal of reaching an agreement consistent with the individual judgment of each juror. Your only interest is to determine whether the government has proved its case beyond a reasonable doubt.

The verdict must represent the considered judgment of each juror. Whether your verdict is guilty or not guilty, it must be unanimous. You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But do not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

If during your deliberations you have to communicate with the court, send a note to me by giving it to the bailiff. The note should be signed by the presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with the court except by a signed writing, and the court will not communicate with any member of the jury other than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiff, that no one is to communicate in any way with any member of the jury on any subject touching the merits of the case. Do not reveal to anyone, including the court, your numerical split on any verdict question until you have reached a unanimous verdict on every count.

Three of you are alternate jurors. I will ask you to stay behind while the other 12 jurors go to the jury room to begin deliberations.